UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT PAUL MELENDREZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL COMPSTON, et al.,<br><br>Defendants. | CASE NO. C15-917-MJP-BAT<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 48.) Having considered the Report and Recommendation, Plaintiff's Objections, and all related papers, the Court declines to adopt the Report and Recommendation.

**Background**

Plaintiff, proceeding pro se, objects the Report and Recommendation's conclusion that Plaintiff has failed to allege facts from which it can reasonably be inferred that Defendant John Caster conspired or acted jointly with state actors to deprive Plaintiff of his constitutional rights. (Dkt. No. 48.) Plaintiff argues that a number of facts demonstrate that Caster, a private

individual and fellow inmate, conspired or entered into joint action with state actor correctional officer Defendants, and thus that Caster can be liable under 42 U.S.C. § 1983.  (Id.)

**Discussion**

I.   Legal Standard

Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

II.   Plaintiff's Objections to the Report and Recommendation

Private individuals are liable under § 1983 only when they have conspired or entered into joint action with a state actor.  See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 783 (9th Cir. 2001).  Plaintiff argues that a conspiracy existed between inmate Caster and correctional officer Defendants Compston and Young to cause harm to Plaintiff in violation of his constitutional rights.  (Dkt. No. 48 at 3.)  To prove conspiracy, a plaintiff must allege facts showing an agreement or meeting of the minds, with each participant sharing the common objective of the conspiracy.  See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989).

The Court finds that the facts offered by Plaintiff are sufficient to plausibly allege that Caster was part of a conspiracy to violate Plaintiff's constitutional rights.  The facts offered by Plaintiff in support of his argument concerning Caster are that (1) Plaintiff observed Officers Compston and Young speaking with Caster while Caster was in a segregated side holding cell, during which time they looked directly at Plaintiff and gestured toward him, indicating that they were speaking about Plaintiff; and (2) following this discussion, Caster was moved out of the

1 side holding cell and into a unit with Plaintiff in a manner inconsistent with the jail's booking
2 policy, and then Caster proceeded to assault Plaintiff. (Dkt. No. 48 at 1-3.)

3     These facts, accepted as true, are sufficient to plausibly allege state actor liability for
4 Caster under § 1983. It is plausible that correctional officers would use an inmate to harm
5 another inmate, and that an inmate would join in a correctional officer's plan. Plaintiff's
6 allegations that Officers Compston and Young spoke with Caster while gesturing towards
7 Plaintiff, combined with the timing of the assault, provide enough circumstantial evidence to
8 support Plaintiff's claim at the pleadings stage.

9 **Conclusion**

10     The Court declines to adopt the Report and Recommendation. (Dkt. No. 40.) This issue
11 is returned to Judge Tsuchida with instructions to order service of the summons and complaint
12 on John Caster.

13

14     The clerk is ordered to provide copies of this order to all counsel and to Judge Tsuchida.

15

16     Dated this 2nd day of June, 2016.

17

18

19                               Marsha J. Pechman
20                               United States District Judge

21

22

23

24