UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VINCENT PAUL MELENDREZ,

                Plaintiff,

   v.

MICHAEL COMPSTON, et al.,

                Defendants.

Case No. C15-917 MJP-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Plaintiff's motion for sanctions. Dkt. 58. For the reasons set forth herein, the Court finds that the motion should be denied.

**BACKGROUND**

In his amended complaint, plaintiff alleges that he was assaulted by fellow inmate John Caster at the King County Correctional Facility. He claims that Defendants Compston, Young, Eltayeb, Hansen, and Jones ("King County Defendants") wrongfully placed him and Caster in the same receiving cell even though Caster had previously been placed into a side cell in the booking area when he arrived (approximately 20 minutes before plaintiff) because he was uncooperative. Dkt. 11.

On April 4, 2016, in response to plaintiff's motion to compel, the Court directed King County Defendants to produce Department of Adult and Juvenile Detention (DAJD) classification, disciplinary and management risk score processing for inmate Caster for the time

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 1

period of June 17, 2008 through June 17, 2013 for in camera review.  Dkt. 46.  On April 19, 2016, King County Defendants complied with the Order and produced proposed redacted records for the Court's review.  Dkt. 47.  The Court directed defendants to produce the redacted DAJD record to plaintiff by May 6, 2016.  King County Defendants produced the redacted records to plaintiff on May 3, 2016.  Dkt. 50.

## DISCUSSION

Plaintiff asks the Court to find that the King County Defendants have violated this Court's Order granting his motion to compel and, as a sanction, asks that the Court enter a default judgment against them, strike their motion for summary judgment, prohibit them from introducing any DAJD records, and enter an order finding that defendants have willfully and deliberately manipulated evidence.

Rule 37(b)(2)(A) provides the Court with the power to issue such sanction orders as are "just" when a party has failed to comply with discovery orders.  Such sanctions may include, *inter alia*, an order that the subject matter of the discovery shall be taken to be established in accordance with the party's defense, or that the party may not support or oppose designated claims or defenses or introduce designated matters into evidence, or dismissing the action in whole or in part, or finding the party to be in contempt of court.  Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763 (1980).  These same sanctions may issue when a party fails to respond to interrogatories or a Rule 34 document request.  Fed.R. Civ.P. 37(d)(3).

The sanction to be ordered is within the Court's discretion and if the sanction ordered is less than dismissal, the party's noncompliance need not be proven to be willful or in bad faith. *See, e.g., Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir.1976).  If, however, the

contemplated sanction is dismissal, dismissal is appropriate only if the plaintiff's noncompliance is "due to willfulness, bad faith or fault." *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir.1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.2007).

Before case-dispositive sanctions may be ordered pursuant to Rule 37(b)(2)(A), in addition to determining whether the requisite willfulness, bad faith, or fault exists, a court must consider and weigh the following five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See, e.g., Connecticut General*, 482 F.3d at 1096; *Henry*, 983 F.2d at 948.

Plaintiff claims that King County Defendants' misconduct is three-fold: (1) Caster's booking records for a July 2008 juvenile conviction are missing; (2) approximately 30 pages of records are "missing;" and (3) several records were deliberately manipulated. Dkt. 58.

In response, defendants provide the declaration of Andrea Williams, the Records and Information Systems Manager at the DAJD, who maintains a record of policies and practices of DAJD and non-medical records of inmates held by King County. Dkt. 66, Declaration of Andrea Williams. Ms. Williams states that she was requested by the prosecuting attorney's office to provide the classification history, disciplinary and management records of John Caster and after making a diligent search for the booking records for the requested time frame, she produced the requested records without modification or deletion. Dkt. 66, Williams, Decl., ¶ 4.

According to Ms. Williams, the July 2008 robbery conviction records referred to in plaintiff's motion relate to Caster's juvenile court conviction and prior to his transfer to the King

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 3

County Correctional Facility or Regional Justice Center, Caster was detained at the Youth Services Center, a separate juvenile facility. Ms. Williams states that any records maintained by that facility are not part of King County Correctional Facility classification records and are not available or accessible to the King County Defendants. *Id.*, ¶ 5.

Ms. Williams states that she supplied the records from each booking of Caster during the period of June 17th, 2008 through June 17th, 2013. She explains that when individual bookings are searched (as opposed to an inmate's entire classification records), certain notes and entries will be duplicated in each individual booking record. For example, during the above time frame, Caster was booked six times, and in each of those six records, a list of any "keep separate from" notes was reproduced. There is no difference between the "keep separate from" entries associated with one booking or another – they are simply duplicated in each booking record. Dkt. 66, Williams Decl., ¶ 6.

With regard to the records that plaintiff maintains have been manipulated, Ms. Williams states that these are notes entered by individual officers during an inmate's detention in the facility. The records plaintiff refers to as "Entry 004" on KC_DISC_000077 and KC_DISC_000130 are separate and distinct records entered on different dates by the same officer (STOMA). Ms. Williams states that she is unable to state why these specific records appear in separate places, but she also states that their system does not permit individuals to alter records as suggested by plaintiff because notes are automatically coded with a date and time contemporaneously with the entry by the officer. Additionally, she has been told by other DAJD employees that we have experienced similar "glitches" in the location of records since transferring their records to a new mainframe system in November of 2015. Dkt. 66, Williams Decl., ¶ 7.

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 4

Defendants also submit the declaration of their counsel, Samantha Kanner, who states that on April 19, 2016, she submitted 119 pages of classification, disciplinary and management risk score records within the possession or control of her clients to the court for an *in camera* review. Dkt. 67, Declaration of Samantha Kanner, ¶ 2. She then served the redacted copies of those same 119 pages on plaintiff on May 3, 2016 via U.S. mail. She removed 36 duplicate pages from the records. By this, she means that where the exact records had been printed multiple times because they linked to each booking record, she included only one copy of the record. Specifically, she notes that Caster was booked six times during the relevant time frame and the same six pages of three records were included in each booking record. *Id.*, ¶ 2.

According to Ms. Kanner, the pages that plaintiff claims are "missing" were already included in the discovery provided to him pursuant to the court's order at KC_DISC_000050-KC_DISC_ 000055. *Id.*, ¶ 3; Exhibit A. As explained by Ms. Kanner, the only difference between the records provided and the records omitted is the date in the upper right hand corner indicating the date and time the record was printed. *Id.*, ¶ 3. The 36 pages that plaintiff alleges were "missing" or intentionally withheld are attached to counsel's declaration as Exhibits B-G (to correspond with plaintiff's motion). The records attached in Exhibit A (already provided to plaintiff) are identical to those attached in Exhibits B-G (allegedly "withheld" from plaintiff) except the date and time the record was printed. *Id.*, ¶ 4.

Ms. Kanner states that she did not withhold records from plaintiff nor was she attempting to subvert the intent of the Court's Order. She was merely attempting to avoid confusion by not providing multiple copies of the same record. *Id.*, ¶ 5.

In response, plaintiff insists that complete booking notes are missing and therefore, he is entitled to the inference that the missing records would have supported his claim. He now asks

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS - 5

that an independent party be appointed to compile all the records relating to Caster from April 7, 2016 – this is the date that defendants printed Mr. Caster's records for production – so that he may disprove defendants' claim that the information they have produced is a true and correct reflection of Caster's booking times. He posits that if all the records for Caster are printed for April 7, 2016 he can prove that defendants are lying about all the records they "will undoubtedly claim do not exist due to a glitch or some other reason." Dkt. 68, at 5.

There is no factual or legal basis for a finding that defendants have failed to comply with this Court's discovery order or that they have engaged in any willful or bad faith destruction or manipulation of evidence. Defendants provide sworn testimony that they do not have possession or control over Mr. Caster's July 2008 incarceration in a juvenile detention center. Defendants also provide sworn testimony that they have not altered the records in any way, that the record entries are authentic, and that they have produced the "missing" duplicate records.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion for sanctions (Dkt. 58) is **DENIED.**

(2)   The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  11th  day of August, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge